The defendant, Abdelghani Dadsi, was tried before a jury in the Central Division of the Boston Municipal Court Department on two separate complaints, one alleging assault and battery by means of a dangerous weapon (ABDW), and one alleging violation of a G. L. c. 209A stay away order. Although the complaints arose out of different incidents, they were joined for trial at the defendant's request. The jury acquitted the defendant of the 209A violation and found him guilty of ABDW. On appeal, the defendant claims that leading questioning of the victim, who was then his wife, and the admission in evidence of the 209A order created a substantial risk of a miscarriage of justice with respect to the ABDW conviction. Finding no merit in either claim, we affirm.
Leading questions. At the beginning of his opening statement, defense counsel told the jurors, "I agree with the District Attorney that this defendant's wife will testify that he was in a rage and he threw this pot of scalding liquid at her. I know she will testify to that." His defense was that the incident was an accident and that the victim fabricated the assault and battery claim against him months later. Against this background, defense counsel did not object when the prosecutor asked the victim some questions that might be considered leading. The defendant's trial strategy being only partially successful,[2] the defendant now claims that counsel "effectively enabled the prosecutor to substitute his testimony for that of the witness."
"The allowance of leading questions is almost wholly within the discretion of the trial judge." Commonwealth v. Blondin, 324 Mass. 564, 573 (1949). Even if the defendant had objected, the judge may well have acted within his discretion to permit leading questioning, given the language barrier and the victim's difficulty in giving direct answers to some of the prosecutor's questions. See Commonwealth v. Ridge, 455 Mass. 307, 327 (2009) ; Commonwealth v. Lamontagne, 42 Mass. App. Ct. 213, 217-218 (1997). But given the absence of any objection, our review is limited to determining whether any error created a substantial risk of a miscarriage of justice. See Commonwealth v. Garner, 59 Mass. App. Ct. 350, 364 n.15 (2003).
We discern no error. This is manifestly not a case in which, notwithstanding the defendant's objections, "leading questions essentially permitted the Commonwealth to place its entire case before the jury in the form of an impermissible interrogation without competent testimony by a witness." Commonwealth v. Stewart, 454 Mass. 527, 529 (2009). We have reviewed the transcript of the victim's testimony and see no indication of "undue suggestion" by the prosecutor. Blondin, supra. Even if the defendant had successfully objected, the prosecutor could have easily reframed the questions. We perceive no likelihood that the victim's testimony would have been any different.[3]
Admission of 209A order. To prove a violation of the G. L. c. 209A order, the Commonwealth was obliged to prove that "there was an abuse prevention order in effect." Commonwealth v. Silva, 431 Mass. 194, 199 (2000). "The order, in that context, was critical," Commonwealth v. Foreman, 52 Mass. App. Ct. 510, 516 (2001), and the defendant understandably did not object when the Commonwealth moved to admit the order as an exhibit.
Nonetheless, the defendant now claims that he was prejudiced, with respect to the ABDW charge, by the admission of the order. Because the 209A complaint was tried together with the ABDW complaint at the defendant's request, "to the extent that the issue is reviewable at all, ... the defendant on appeal bears a heavy burden in attempting to have the conviction overturned. He must demonstrate at least a substantial risk of a miscarriage of justice." Commonwealth v. Knight, 37 Mass. App. Ct. 92, 99-100 (1994).
In Foreman, supra at 512-514, a 209A order, the underlying complaint, and the supporting affidavit were admitted in evidence, without objection, at a trial on a charge of assault and battery. The defendant in Foreman was not charged with a violation of the 209A order; rather, the Commonwealth offered the underlying documents, which concerned the same set of facts as the assault and battery charge, as prior consistent statements of the victim. Ibid. We determined that the complaint and the affidavit were erroneously admitted on this ground, and that there was no justification whatsoever for admission of the order itself. Id. at 513-514. These errors created a substantial risk of a miscarriage of justice, especially because "it would likely appear [to the jury] that a judge had already reviewed the facts and decided the credibility dispute that the jury were being asked to consider." Id. at 515.
Foreman does not govern the case before us. To the contrary, this case is governed by the cases that the Foreman court found readily distinguishable, in which 209A orders were properly introduced. "In those cases"-as here-"(1) the facts the jury had to decide in the criminal case before it were different from the facts that gave rise to the 209A order, and (2) there were other, legitimate reasons for the introduction of the 209A order." Ibid. We discern no error.
Judgment affirmed.

The defendant contended that he did not intentionally violate the 209A order because he did not know where the victim worked. The jury acquitted him of this charge.

The defendant fares no better by contending that defense counsel was ineffective for failing to object. The decision not to object appears to have been part of a reasonable defense strategy. Moreover, "when the claim of ineffectiveness is predicated, as it is here, on counsel's failure to object to something that occurred at trial, the standard for evaluating the ineffectiveness claim is not significantly different from the substantial risk standard that is applicable to our review of the underlying, unpreserved error." Commonwealth v. Azar, 435 Mass. 675, 686 (2002).